IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| KENNETH DARNELL | : | MOTION TO VACATE |
| WILLIAMS, | : | 28 U.S.C. § 2255 |
| Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:00-CR-7-HLM-WEJ-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 4:18-CV-93-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Movant, Kenneth Darnell Williams, is confined in the Shawangunk Correctional Facility in Wallkill, New York.  Movant submitted a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" [148].  Because movant challenges his previous conviction in this Court, the Clerk docketed the matter as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate").

The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

## I.   <u>PROCEDURAL HISTORY</u>

In an indictment filed on February 8, 2000, movant was charged with two counts of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 [1]. On June 27, 2000, a jury found movant guilty on count one and not guilty on count two [67].  On August 28, 2000, the District Court filed the Judgment and Commitment, sentencing movant to seventy-two months of imprisonment, followed by six years of supervised release [77].  Movant did not appeal.  On August 10, 2010, the District Court discharged movant from supervised release and terminated the proceedings [115].

In the Motion to Vacate, postmarked on April 13, 2018, movant claims that (1) his counsel provided ineffective assistance throughout the proceedings, including failing to file an appeal, and (2) there was "no evidence in support of the conviction" because the "star prosecution witness" committed perjury.  (Mot. Vacate 1-4.)  Movant attaches a document indicating that his conviction was cited as a predicate felony when he was sentenced for a drug crime committed in New York in 2011.  (<u>Id.</u> at 5.)  Movant thus suggests that he is challenging his

conviction in this Court because it affected his New York sentence and may have other future consequences.[1]

## II.   <u>DISCUSSION</u>

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  28 U.S.C. foll. § 2255, Rule 4(b). A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f).  The one-year period runs from the latest of the dates on which (1) movant's conviction became final; (2) a government impediment to making the § 2255 motion was removed; (3) a right that movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims. <u>See</u> 28 U.S.C. § 2255(f)(1)-(4).

_____

[1] Following the expiration of a sentence, "some concrete and continuing injury . . . must exist if [a § 2255 action] is to be maintained. . . .  [A] wrongful criminal conviction [presumably] has continuing collateral consequences . . . ." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).

Under § 2255(f)(1), movant had no more than ten business days in which to appeal his conviction after the District Court filed the Judgment and Commitment on August 28, 2000.  See Fed. R. App. P. 4(b)(1)(A)(i) & 26(a) (2000).  Movant did not appeal, and the period in which to do so expired no later than September 12, 2000.  Thus, movant's conviction became final no later than that date, and the one-year statute of limitations in § 2255(f)(1) expired no later than September 12, 2001.[2]  Movant postmarked the Motion to Vacate more than sixteen and one-half years late, on April 13, 2018.  Movant does not indicate that the circumstances set forth in § 2255(f)(2)-(4) apply to him.

"Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  As to the alleged failure of movant's counsel to file an appeal, "[m]ere attorney negligence does not justify equitable tolling. . . .  For a [movant] to be entitled to equitable tolling, there must be egregious attorney

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." <u>Scott v. Duffy</u>, 372 F. App'x 61, 63 (11th Cir. 2010) (per curiam) (citations and internal quotation marks omitted). Movant fails to show that counsel's failure to file an appeal satisfies that standard. Movant also fails to show that he acted diligently in waiting more than sixteen and one-half years before seeking § 2255 relief.  Therefore, movant is not entitled to equitable tolling.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." <u>United States v. Montano</u>, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).   To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 327.  Movant has not presented new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely.

5

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

6

<u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (citing <u>Slack</u>, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

**IV.**    <u>**CONCLUSION**</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [148] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned in civil action number 4:18-cv-93-HLM-WEJ.

**SO RECOMMENDED**, this 23rd day of April, 2018.


WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE