IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

KENNETH DARNELL
WILLIAMS,

v.

UNITED STATES OF
AMERICA.

CRIMINAL FILE NO.
4:00-CR-007-03-HLM-WEJ

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [148], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [149], and on Petitioner's Objections to the Final Report and Recommendation [153].

I.  **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court

2

reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

On April 23, 2018, Judge Johnson issued his Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 149).) Judge Johnson recommended that the Court dismiss Petitioner's § 2255 Motion as untimely. (Id.)

Petitioner filed a document titled "Motion to Reinstate 28 U.S.C. § 2255 On Court's Docket," which the Clerk docketed as Petitioner's Objections to the Final Report and

3

Recommendation.[1] (Objs. (Docket Entry No. 153).) The Court finds that the matter is ripe for resolution.

The Court agrees with Judge Johnson that Petitioner's § 2255 Motion is untimely. (Final Report & Recommendation at 3-5.) Specifically, the one-year limitations period for filing a § 2255 Motion expired no later than September 12, 2001, and Petitioner's § 2255 Motion was postmarked on April 13, 2018, more than sixteen and one-half years late. (Id. at 4.) Further, equitable tolling does not apply here. (Id. at 4-5.) Finally, Petitioner has not demonstrated actual innocence. (Id. at 5.) Under those circumstances, Petitioner's § 2255 Motion is untimely. Further, with all due respect to Petitioner, nothing in his Objections warrants rejecting the Final Report

---

[1] The Final Report and Recommendation did not terminate Petitioner's § 2255 Motion; thus, there was no need for Petitioner to file a Motion seeking to reinstate that § 2255 Motion. The proper course of action would have been for Petitioner to file Objections to the Final Report and Recommendation.

and Recommendation or extending the time for Petitioner to file a § 2255 Motion. (Objs.) For the reasons discussed in the Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Id. at 6-7.) The Court therefore adopts the Final Report and Recommendation, overrules Petitioner's Objections, and dismisses Petitioner's § 2255 Motion as untimely.

III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [149], **OVERRULES** Petitioner's Objections to the Final Report and Recommendation [153], and **DISMISSES AS UNTIMELY** Petitioner's § 2255 Motion [148]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:18-

CV-0093-HLM-WEJ. Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED, this the 15th day of May, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6